UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

COURTNEY FONDREN                   CIVIL ACTION NO. 6:18-cv-00001

VERSUS                                    JUDGE JAMES

JASON BROWN, ET AL.              MAGISTRATE JUDGE HANNA

### REPORT AND RECOMMENDATION

Pending before the court is the motion to dismiss penalty, punitive, or exemplary damages claims (Rec. Doc. 9), which was filed by defendants City of Youngsville, Youngsville police officer Sergeant Jason Brown, and Youngsville Police Chief Rickey Boudreaux. The motion is opposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the motion be granted in part and denied in part.

### BACKGROUND

The plaintiff's complaint alleged that the defendants are liable for violations of her constitutional rights and for violations of Louisiana state law. The following factual allegations are set forth in the plaintiff's complaint.

Early on January 1, 2017, nineteen-year-old Courtney Fondren was riding in a GMC Yukon with five friends in a residential area of Youngsville. When the driver stopped the vehicle to recover a cell phone for one of the passengers and to swap

seats with a passenger, Sgt. Jason Brown, a Youngsville city police officer, stopped his vehicle behind the Yukon and requested that the driver exit the Yukon. The driver exited on the passenger side of the vehicle, and one of the passengers also exited the vehicle. Sgt. Brown allegedly became irate and called for backup.

Additional police officers approached the vehicle with lights flashing and guns drawn, causing Ms. Fondren to experience fear and panic. More officers arrived on the scene along with a large police dog. All of the vehicle's occupants were ordered to exit, and Sgt. Brown began interrogating the passengers about who had been driving. When Ms. Fondren and others refused to answer his questions, Sgt. Brown began using loud, abusive, and threatening language. Sgt. Brown handcuffed Ms. Fondren and the other passengers. He ignored Ms. Fondren's complaint that the handcuffs were painful. He grabbed Ms. Fondren's purse but had to remove one of the handcuffs in order to access it. Sgt. Brown searched Ms. Fondren's purse without consent, and he also searched the vehicle without consent. After Ms. Fondren was handcuffed and her purse was searched, she was read her *Miranda* rights. She was then arrested and taken to the police station.

Ms. Fondren was not permitted to make a telephone call for several hours. She was charged with obstruction of justice under La. R.S. 14:130.1 and fake

identification under La. R.S. 14:70.5. She was released from custody at approximately 10:00 a.m. on New Year's Day.

As a result of the arrest and the charges, Ms. Fondren lost her position on the executive board of her college sorority, she was suspended from certain sorority activities, and embarrassing information about her was published. She also had pain and bruising due to the forceful manner in which she was grabbed, handcuffed, and shoved by Sgt. Brown. She suffered nightmares and other adverse emotional effects as a result of the incident.

Ms. Fondren contends that her Fourth Amendment right to be free of unreasonable searches and seizures was violated, and she contends that she was arrested without probable cause in retaliation for asserting her constitutional right to refuse to answer Sgt. Brown's questions. She also contends that Sgt. Brown and the other unnamed officers used excessive force in arresting her. She contends that she was falsely arrested, maliciously prosecuted, and falsely imprisoned, and she seeks compensation for these claims under both federal and state law. Ms. Fondren also asserted a claim against Chief Boudreaux for his alleged failure to train and supervise Sgt. Brown and the other officers involved in her arrest. Ms. Fondren asserted negligence claims, and a claim for aggravated assault and battery under Louisiana

law. Finally, Ms. Fondren asserted state-law claims for negligent and intentional infliction of emotional distress.

In her complaint, Ms. Fondren expressly indicated that she was seeking to recover punitive damages. The defendants responded to the complaint with the instant motion to dismiss the penalty, punitive, and exemplary damages claim.

## LAW AND ANALYSIS

### A. THE MOTION WILL BE CONSTRUED UNDER FED. R. CIV. P. 12(B)(6)

Although the movants did not designate their motion as arising under any particular federal rule of civil procedure or set forth the standard to be used in resolving the motion, this Court will construe the motion as governed by Fed. R. Civ. P. 12(b)(6). Under that rule, a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief.[1] In this motion, the movants are seeking to have certain claims dismissed because the plaintiff has not established the factual underpinnings entitling her to relief. Accordingly, the motion will be construed as a Rule 12(b)(6) motion.

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

**B.    THE APPLICABLE STANDARD**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[2] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto,[3] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[4] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] The allegations must be sufficient

---

[2]    *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[4]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[5]    *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[7]    *Bell Atlantic v. Twombly*, 127 U.S. at 570.

"to raise a right to relief above the speculative level,"[8] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[9]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]  "[D]etermining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]

---

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[9] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[13] *Ashcroft v. Iqbal*, 556 U.S. at 679.

Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[14]

### C. ARE PUNITIVE DAMAGES AVAILABLE?

The plaintiff asserted claims against Sgt. Brown in his personal capacity and in his official capacity as an officer with the Youngsville Police Department; against various John Does in their personal capacities and in their official capacities as officers with the Youngsville Police Department; against Rickey Boudreaux, in his official capacity as the chief of the Youngsville Police Department; and against the City of Youngsville, Louisiana. The defendants argue that the punitive damages claims asserted against them should be dismissed because the plaintiff in a Section 1983 action cannot recover punitive damages from a municipality or its officials acting in their official capacities and also because there is no statutory basis for the imposition of punitive damages with regard to the plaintiff's state-law claims.

The United States Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action."[15] The City of Youngsville is, by definition, a municipality. "It is well settled that municipalities are

---

[14] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[15] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981).

not subject to the imposition of punitive damages under Section 1983."[16] Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[17] Therefore, the plaintiff is barred from recovering punitive damages against a defendant acting in his official capacity. On the other hand, however, the United States Supreme Court has recognized that punitive damages are recoverable against municipal employees sued in their individual capacities.[18]

Accordingly, this Court finds that the plaintiff does not have valid claims for punitive damages against the City of Youngsville, Police Chief Boudreaux in his official capacity, Sgt. Brown in his official capacity, or any of the unnamed police officers in their official capacities. Therefore, the motion should be granted with regard to any punitive damages claims asserted against those parties, and those claims should be dismissed.

---

[16] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)).

[17] *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

[18] *Smith v. Wade*, 461 U.S. 30, 35 (1983).

However, punitive damages are recoverable against municipal employees who are sued in their individual capacities under Section 1983.[19] Therefore, to the extent that the plaintiff is seeking to recover punitive damages with regard to a Section 1983 claim against any of the officers mentioned in the complaint in their individual capacities, the motion to dismiss should be denied.

Finally, it is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered.[20] The plaintiff did not identify any statutory provision that allows the recovery of punitive damages for the state-law claims that were asserted against the defendants in this lawsuit. Accordingly, it is recommended that the motion be granted with regard to the plaintiff's claim for state-law punitive damages.

## CONCLUSION

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss penalty, punitive, or exemplary damages that was filed by City of Youngsville, Youngsville police officer

---

[19] *Givs v. City of Eunice*, No. 6:05-CV-0788, 2006 WL 1831528, at *1 (W.D. La. June 29, 2006) (citing *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)).

[20] See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988).

Sergeant Jason Brown, and Youngsville Police Chief Rickey Boudreaux (Rec. Doc. 9) should be GRANTED IN PART and DENIED IN PART. More particularly,

IT IS RECOMMENDED that the motion should be GRANTED to the extent that the plaintiff is seeking to recover penalty, punitive, or exemplary damages in connection with her Section 1983 claim against the City of Youngsville, and the plaintiff's claim for the recovery of such punitive damages should be dismissed with prejudice;

IT IS RECOMMENDED that the motion should be GRANTED to the extent that the plaintiff is seeking to recover penalty, punitive, or exemplary damages in connection with her Section 1983 claims against Chief Boudreaux, Sgt. Brown, and the unnamed police officers in their official capacities, and the plaintiff's claim for the recovery of such punitive damages should be dismissed with prejudice;

IT IS RECOMMENDED that the motion should be GRANTED to the extent that the plaintiff is seeking to recover penalty, punitive, or exemplary damages in connection with her state-law claims, and the plaintiff's claim for the recovery of such punitive damages should be dismissed with prejudice; and

IT IS RECOMMENDED that the motion should be DENIED in all other respects, particularly with regard to the plaintiff's claim for the recovery of penalty,

punitive, or exemplary damages in connection with any Section 1983 individual-capacity claims asserted against Sgt. Brown or the unnamed police officers.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on March 28th, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE