UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| COURTNEY FONDREN | CIVIL ACTION NO. 6:18-cv-00001 |
| VERSUS | JUDGE JAMES |
| JASON BROWN, ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before the court is the motion to dismiss for failure to state a claim (Rec. Doc. 7), which was filed by defendants City of Youngsville, Youngsville police officer Sergeant Jason Brown, and Youngsville Police Chief Rickey Boudreaux. The motion is opposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the motion should be granted in part and denied in part.

### BACKGROUND

The plaintiff's complaint asserted federal constitutional claims and Louisiana state-law claims. The following factual allegations are set forth in the plaintiff's complaint and will be taken as true for the purpose of resolving this motion.

Early on January 1, 2017, nineteen-year-old Courtney Fondren was riding in a GMC Yukon with five friends in a residential area of Youngsville, Louisiana. When the driver stopped to recover a cell phone for one of the passengers and to

change seats, Sgt. Jason Brown, a Youngsville city police officer, stopped his vehicle behind the Yukon and requested that the driver step out. The driver exited on the Yukon's passenger side, and one of the passengers also exited the vehicle. Sgt. Brown became irate and called for backup. Additional police officers approached the Yukon with lights flashing and guns drawn, causing Ms. Fondren to experience fear and panic. More officers arrived on the scene along with a large police dog. All of the Yukon's occupants were ordered out of the vehicle, and Sgt. Brown began interrogating them about who had been driving.

When Ms. Fondren and others refused to answer his questions, Sgt. Brown began using loud, abusive, and threatening language. He handcuffed Ms. Fondren and the others, ignoring Ms. Fondren's complaint that the handcuffs were painful. He searched her purse and the Yukon without consent. After Ms. Fondren was handcuffed and her purse was searched, she was read her *Miranda* rights. She was then arrested and taken to the police station.

Ms. Fondren was not permitted to make a telephone call for several hours. She was charged with obstruction of justice under La. R.S. 14:130.1 and fake identification under La. R.S. 14:70.5. She was released from custody at approximately 10:00 a.m. on New Year's Day.

As a result of the arrest and the charges, Ms. Fondren lost her position on the executive board of her college sorority, she was suspended from certain sorority activities, and embarrassing information about her was published. She sustained pain and bruising due to the forceful manner in which she was grabbed, handcuffed, and shoved by Sgt. Brown, and she suffered nightmares and other adverse emotional effects as a result of the incident.

Ms. Fondren contends that her Fourth Amendment right to be free of unreasonable searches and seizures was violated, contends that she was arrested without probable cause in retaliation for asserting her constitutional right to refuse to answer Sgt. Brown's questions, and contends that Sgt. Brown and the other officers used excessive force in arresting her. She contends that she was falsely arrested, maliciously prosecuted, and falsely imprisoned, and she seeks compensation for these claims under both federal and state law. Ms. Fondren also asserted claims against Chief Boudreaux and the City of Youngsville for the alleged failure to train and supervise Sgt. Brown and the other officers involved in her arrest. She asserted negligence claims, and a claim for aggravated assault and battery under Louisiana law. Finally, she asserted state-law claims for negligent and intentional infliction of emotional distress.

The defendants responded to the complaint by seeking dismissal, under Fed. R. Civ. P. 12(b)(6), of (1) the claim against the City of Youngsville for failure to properly train and supervise the police officers; (2) the failure to train and supervise claims asserted against Chief Boudreaux; (3) the official capacity claims asserted against Chief Boudreaux and Sgt. Brown, (4) the excessive force claim under Section 1983; and (5) any Fifth Amendment claim that the plaintiff might have asserted.

## LAW AND ANALYSIS

### A. THE APPLICABLE STANDARD

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto,[2] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] If the plaintiff fails to allege facts

---

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

## B. THE CLAIMS AGAINST THE CITY OF YOUNGSVILLE

The plaintiff asserted a claim against the City of Youngsville based on the contention that customs or policies of the Youngsville Police Department resulted in poorly trained and poorly supervised police officers and led to the incident in which the plaintiff was arrested and allegedly injured. The defendants argued that this claim

---

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

should be dismissed because the complaint contains no allegations detailing the type of training or supervision that should have been conducted in order to avoid violating the plaintiff's constitutional rights.

A municipality, such as the City of Youngsville, may not be held liable under Section 1983 on the basis of vicarious liability.[14] Municipalities may, however, be liable where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."[15] To establish municipal liability under Section 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.[16] Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.[17] The description

---

[14] *Hicks-Fields v. Harris County, Tex.*, 860 F.3d 803, 808 (5th Cir. 2017), *cert. denied*, 138 S.Ct. 510 (2017).

[15] *Hicks-Fields v. Harris County, Tex.*, 860 F.3d at 808 (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

[16] *Hicks-Fields v. Harris County, Tex.*, 860 F.3d at 808; *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[17] *Hicks-Fields v. Harris County, Texas*, 860 F.3d at 808.

of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory but must include specific facts.[18]

A local government's decision not to train certain employees about their legal duty to avoid violating a citizen's rights may rise to the level of official government policy, but only if the failure to train amounts to deliberate indifference to the rights of persons with whom the untrained employees come into contact.[19] A claim for failure to train must allege sufficient facts to show that (1) the municipality adopted inadequate training policy procedures, (2) acted with deliberate indifference in doing so, and (3) the inadequate training policy directly caused the plaintiff's injury.[20] Complaints typically satisfy the first element by alleging facts related to a municipality's actual training program.[21] A pattern of similar constitutional violations by untrained employees is ordinarily necessary to make the required showing as to deliberate indifference.[22]

---

[18] *Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir.1992).

[19] *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Prince v. Curry*, 423 Fed. App'x 447, 450 (5th Cir. 2011).

[20] *Sanders–Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010).

[21] *Speck v. Wiginton*, 606 Fed. App'x 733, 736 (5th Cir. 2015).

[22] *Speck v. Wiginton*, 606 Fed. App'x at 736.

The plaintiff has not offered any specific facts regarding the city's actual training of its police officers or identified any aspects of the training or supervision of the police officers that was lacking. She has not alleged any prior incidents or other facts that could allow an inference of deliberate indifference by the city with regard to any such failures. It is not enough to simply allege that the plaintiff's injury could have been avoided through better training or that discovery will flesh out the claim.[23] Therefore, dismissal of this claim is warranted. But, as will be discussed in greater detail below, this Court will recommend that the plaintiff be given an opportunity to amend her complaint to set forth more facts underlying this claim.

C.   **THE CLAIMS AGAINST CHIEF BOUDREAUX**

In her complaint, the plaintiff asserted an official-capacity claim against Chief Boudreaux for his alleged failure to properly Sgt. Brown and the other officers involved in her arrest. She did not assert an individual-capacity claim. A supervisory officer such as Chief Boudreaux cannot be held personally liable under Section 1983

---

[23]   *Daniel v. City of Minden*, No. 12-cv-2171, 2015 WL 9684959, at *3 (W.D. La. Nov. 17, 2015), report and recommendation adopted, 2016 WL 112666 (W.D. La. Jan. 8, 2016) (dismissing the Section 1983 claims against the city); *Easter v. Caldwell*, No. 14-0967, 2015 WL 1281022, *8 (W.D. La. Mar. 20, 2015) (granting Rule 12(b)(6) dismissal of failure to train claims against city marshal and sheriff); *Ulrich v. Scott*, No. 14-0037, 2015 WL 1276470, *5 (W.D. La. Mar. 19, 2015) (granting Rule 12(b)(6) dismissal of conclusory failure to train claim against a city).

for the actions of his subordinate officers on a theory of vicarious liability.[24] However, the plaintiff sued Chief Boudreaux only in his official capacity. As will be discussed, below, that claim is duplicative of the claim against the City of Youngsville and must, for that reason, be dismissed. Accordingly, the plaintiff's argument concerning the failure to train and supervise claim against Deputy Boudreaux is duplicative of the argument concerning the identical claim asserted against the city.

D. **THE OFFICIAL-CAPACITY CLAIMS AGAINST CHIEF BOUDREAUX AND SGT. BROWN**

In her complaint, the plaintiff asserted official-capacity claims against Chief Boudreaux and Sgt. Brown as well as a claim against the City of Youngsville. "A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents."[25] Therefore, it is "well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[26] When, as in this case, the government entity itself is

---

[24] *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997) ("it is firmly established that *individual* liability under § 1983 may not be predicated on the vicarious liability doctrine of respondeat superior." [Emphasis added.]).

[25] *Deshotels v. Village of Pine Prairie*, No. 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1712549 (W.D. La. May 15, 2012). See, also, *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005).

[26] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this Circuit have found it is appropriate to dismiss them.[27]

In keeping with this principle, this Court finds that the plaintiff's claims against Chief Boudreaux and Sgt. Brown in their official capacities are redundant of the claim asserted against the City of Youngsville. Therefore, this Court will recommend that the defendants' motion be granted with regard to these claims and further recommend that these claims be dismissed.

### E. THE SECTION 1983 EXCESSIVE FORCE CLAIM

In her complaint, the plaintiff alleged that the defendants used excessive force in arresting her. To bring an excessive force claim under the Fourth Amendment, a plaintiff must show that she suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.[28] The defendants argued that the complaint fails to state a valid claim because the plaintiff alleged only *de minimis* injuries. Although a

---

[27] See, e.g., *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261(5th Cir. 1996).

[28] *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000).

plaintiff need not show significant injury, a plaintiff is required to establish at least some form of injury.[29]

The plaintiff alleged that she sustained physical injuries including bruising and pain as a result of her interaction with Sgt. Brown as well as "nightmares and other adverse emotional effects." (Rec. Doc. 1 at 5). She alleged that Sgt. Brown handcuffed her in a painful manner (Rec. Doc. 1 at 3); made her lay face down over the hood of the vehicle as he undid one of the handcuffs, extricated her purse, then reapplied the handcuff (Rec. Doc. 1 at 3); grabbed, handcuffed, and shoved her (Rec. Doc. 1 at 5); and physically manhandled her (Rec. Doc. 1 at 8). She alleged that the defendants' actions frightened and humiliated her and caused "physical pain, physical injury, and acute emotional distress" (Rec. Doc. 1 at 8) as well as fear, panic (Rec. Doc. 1 at 3), anxiety, and distress (Rec. Doc. 1 at 5). She also alleged that she did not resist arrest. (Rec. Doc. 1 at 3).

The plaintiff responded to the motion by emphasizing her emotional and psychological injuries rather than the pain and bruising allegedly caused by the handcuffs being applied too tightly. She "is correct that psychological injuries can satisfy the injury requirement."[30] At this stage of the litigation, the plaintiff has

---

[29] *Lincoln v. Turner*, 874 F.3d 833, 846 (5th Cir. 2017); *Aguilar v. Robertson*, 512 Fed. App'x 444, 449 (5th Cir. 2013); *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

[30] *Lincoln v. Turner*, 874 F.3d at 846.

pleaded facts that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Therefore, with regard to the plaintiff's Section 1983 claim for excessive force, this Court will recommend that the defendants' motion be denied.

F. **THE FIFTH AMENDMENT CLAIM**

The defendants suggest that they are unsure whether the plaintiff asserted a Fifth Amendment claim and argue that, to the extent such a claim was asserted, it should be dismissed. In response, the plaintiff confirmed that no Fifth Amendment claim was asserted. Therefore, no Fifth Amendment claim should be permitted.

G. **THE PLAINTIFF'S REQUEST FOR LEAVE TO AMEND**

In response to the defendants' motion, the plaintiff requested an opportunity to amend her complaint. "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[31] Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court "[g]enerally . . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[32] Indeed, "district courts

---

[31] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

[32] *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986).

often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal."[33] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[34]

This Court finds that it would be inequitable to dismiss the plaintiff's claim against the City of Youngsville without allowing her an opportunity to remedy the sparseness of the factual allegations set forth in her complaint. Therefore, it will be recommended that the plaintiff be permitted to file an amended complaint for the purpose of identifying the policies, customs, or practices confected or implemented by Chief Boudreaux or the City of Youngsville that led to the plaintiff's alleged injury and alleging a valid factual basis for all of the plaintiff's remaining claims. It will also be recommended that the defendants be afforded an opportunity to file another Rule 12(b)(6) motion to dismiss if necessary or appropriate following the filing of the amended complaint.

---

[33]   *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d at 329.

[34]   *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)

## CONCLUSION

For the foregoing reasons,

IT IS RECOMMENDED that the motion to dismiss that was filed by City of Youngsville, Youngsville police officer Sergeant Jason Brown, and Youngsville Police Chief Rickey Boudreaux (Rec. Doc. 7) should be GRANTED IN PART and DENIED IN PART. More particularly,

IT IS RECOMMENDED that the motion should be GRANTED with regard to the official-capacity claims against Chief Boudreaux and Sgt. Brown and with regard to any Fifth Amendment claim that the plaintiff might have, and those claims should be dismissed with prejudice;

IT IS RECOMMENDED that, in all other respects, and particularly with regard to the training and supervision claim against the City of Youngsville and the Section 1983 excessive force claim, the motion should be DENIED; and

IT IS RECOMMENDED that the plaintiff should be granted leave of court to amend her complaint; and

IT IS RECOMMENDED that the defendants should be permitted to reurge their motion to dismiss after review of the amended complaint, if necessary or appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on April 2, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE